```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
 UNITED STATES OF AMERICA                           :
                                                    :    1:18-cr-00339-PAC-5
        - against -                                 :
                                                    :    OPINION & ORDER
 DWIGHT FORDE,                                      :
                                                    :
        Defendant.                                  :
-----------------------------------------------------------------------X
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Dwight Forde ("Defendant," "Forde") is charged with ten co-defendants in a five-count indictment (the "Indictment") filed May 14, 2018. Forde moves before trial to dismiss that Indictment on the grounds that there is insufficient proof in support of the charges against him, and so false allegations must have been made to the grand jury to obtain the Indictment, rendering it defective. In the alternative, Forde asks for the Court to review the grand jury minutes to determine whether the grand jury was misled.

The Government opposes the motion, principally arguing that it is at bottom a factually driven attack inappropriate on a pretrial challenge to an indictment, and that the evidence-testing Forde invites the Court to engage in is properly reserved to trial.

The overwhelming weight of authority makes clear the fatal flaw in Forde's motion, and it is accordingly DENIED.

## BACKGROUND

The Indictment alleges a fraudulent scheme that ran from March to July 2017, and, according to the Government, involved the co-conspirators obtaining victims' personally

identifiable information to make fake debit and credit cards that were then used to make unauuthorized purchases or wire transfers. Dkt. 3, at 1–5; Dkt. 318, at 2. Forde is personally charged with conspiracy to commit access device fraud ("Count One"), conspiracy to commit wire fraud ("Count Two"), and aggravated identity theft ("Count Three"). Dkt. 3, at 1–11. Forde remained a fugitive after the unsealing of the Indictment until his arrest on August 15, 2019. Dkt. 318, at 1.

## DISCUSSION

### I. Applicable Law

Since the ratification of the Constitution, the American "grand jury has convened as a body of laymen, free from technical rules, acting in secret, pledged to indict no one because of prejudice and to free no one because of special favor." *Costello v. United States*, 350 U.S. 359, 362 (1956). "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." *Id.* at 363. "It is well settled that 'an indictment is sufficient if it, first, contains the elements of the offenses charged and fairly informs a defendant of the charges against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecution for the same offense.'" *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). *See also* Fed. R. Crim. P. 7(c)(1) ("[T]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."). Apart from that, the indictment "'need do little more than [] track the language of the statute charged and state the time and place (in approximate terms) of the alleged crimes.'" *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992) (quoting *United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975)).

"An indictment is generally not subject to dismissal 'on the ground that there was 'inadequate or incompetent' evidence before the grand jury.'" *United States v. Clarke*, No. 05 CR. 017 (DAB), 2006 WL 3615111, at *4 (S.D.N.Y. Dec. 7, 2006) (quoting *United States v. Myers*, 635 F.2d 932, 941 (2d Cir. 1980)). "The dismissal of an indictment is an 'extraordinary remedy' reserved only for extremely limited circumstances implicating fundamental rights." *United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001) (quoting *United States v. Nai Fook Li*, 206 F.3d 56, 61 (1st Cir. 2000)). "'[T]he whole history of the grand jury institution' demonstrates that 'a challenge to the reliability or competence of the evidence' supporting a grand jury's finding of probable cause 'will not be heard.'" *Kaley v. United States*, 571 U.S. 320, 328 (2014) (quoting *United States v. Williams*, 504 U.S. 36, 54 (1992)). "The grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime." *Id.*

**II.     Application**

Forde's motion to dismiss his Indictment consists of assertions that there "is no proof in support of" the allegations against him, and so the Indictment returned by the grand jury must be "defective." Dkt. 317, at 2. As the Government is keen to observe, "Forde's contention that the Government's evidence does not establish his guilt is merely a reiteration of his plea of not guilty." Dkt. 318, at 9. In other words, Forde "is not really challenging the specificity of the Indictment so much as the adequacy of the evidence upon which the Indictment is based." *United States v. Elson*, 968 F. Supp. 900, 905 (S.D.N.Y. 1997). Forde's motion wholly ignores that "the Government is not required to demonstrate the sufficiency of its proof until the close of its case-in-chief at trial." *Id.* See also *Alfonso*, 143 F.3d at 777 ("[T]he sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment.").

It is notable that Forde can muster no real authority to support his motion to dismiss. This may be because the Supreme Court 64 years ago spoke directly and unequivocally to the kind of challenge brought by Forde today. "If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed." *Costello*, 350 U.S. at 363. "The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury." *Id.* At root, Forde's motion asks for precisely this sort of mini-trial—he claims that the grand jury that returned his Indictment was presented with "inadequate or incompetent evidence." *Id.* This must be the case, he says, because he maintains his innocence. Apart from the dizzying circularity of his argument, it is plainly foreclosed by *Costello* and the decades of Supreme Court and Second Circuit cases that have reiterated its holding.

Forde's challenge rests entirely on the theory that "if the grand jury was told that defendant furthered the conspiracy by explaining how, generally, to take over another person's wireless phone account he is not necessarily or specifically sharing the same intent as the co-conspirators." Dkt. 317, at 3. The motion repeatedly asserts that the evidence of Forde's intent to join the conspiracy is lacking, and otherwise argues that "if these factually false claims were so presented to the grand jury . . . . the indictment was improperly obtained, and must be dismissed." *Id.* at 3–4. This is all what *Costello* explicitly disallows. *See United States v. Perez*, 575 F.3d 164, 166–67 (2d Cir. 2009); *United States v. Percoco*, 16-CR-776 (VEC), 2017 WL 6314146, at *7 (S.D.N.Y. Dec. 11, 2017).

Forde also for some reason invokes Federal Rule of Evidence 801(d)(2)(E) and its exclusion of co-conspirator statements made in furtherance of the conspiracy from the general

bar against hearsay, and cites a case from the Seventh Circuit that he says requires the Government to "preview its evidence of a conspiracy" prior to admitting co-conspirator statements.  Dkt. 317, at 3.  What any of this has to do with the Indictment or the proceeding before the grand jury that produced it, Forde does not say.  And of course as the Government observes, Dkt. 318, at 8 n. 2, the Federal Rules of Evidence do not apply to grand jury proceedings, Fed. R. Evid. 1101(d)(2), and the Government at this stage is not required to make any of the showings the Defendant demands.  *See also United States v. Calandra*, 414 U.S. 338, 349 (1974) ("Because the grand jury does not finally adjudicate guilt or innocence, it has traditionally been allowed to pursue its investigative and accusatorial functions unimpeded by the evidentiary and procedural restrictions applicable to a criminal trial.").

Finally, Forde has presented no grounds for the Court to indulge in his requested examination of the grand jury minutes.  "The court may authorize disclosure . . . of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  Fed. R. Crim. P. 6(e)(3)(E)(ii).  A court deciding whether to disclose grand jury materials "weigh[s] the need for secrecy against the need for disclosure," *In re Application of the United States for Material Witness Warrant*, 436 F. Supp. 3d 768, 770 (S.D.N.Y. 2020), and "[t]he party seeking disclosure must show a particularized need that outweighs the need for secrecy." *United States v. Ulbricht*, 858 F.3d 71, 106–07 (2d Cir. 2017), *abrogated on other grounds by Carpenter v. United States*, 138 S. Ct. 2206 (2018).  *See also United States v. Moten*, 582 F.2d 654, 662 (2d Cir. 1978). "The showing required to establish such a need is 'substantial.'" *United States v. Teman*, 19-CR-696 (PAE), 2020 WL 3034034 (S.D.N.Y. June 5, 2020).  No such showing has been made here. Forde's citation to *United States v. Eldridge*, 09-CR-329, 2014 WL 257224 (W.D.N.Y. Jan. 23,

2014), does nothing to advance his arguments. The district court in that case ordered *in camera* review of grand jury testimony where a witness had testified that he had been present at a murder during a time when he was in fact incarcerated. *Eldridge*, 2014 WL 257224, at *4. No such circumstances are present here.

## CONCLUSION

Forde's motion to dismiss his Indictment and the request for the Court to review the grand jury minutes are both DENIED. The Clerk of Court is directed to close the motion at Docket No. 317.

Dated: New York, New York
July 27, 2020

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge